IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIAM HERRING, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-148-WKW |
| ) | [WO] |
| ELMORE COUNTY JAIL ) | |
| STAFFING ALL SHIFTS, WARDEN ) | |
| JACKSON, and OFFICER PIERCON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John William Herring, Jr., while incarcerated at the Elmore County Jail in Alabama, filed this *pro se* complaint under 42 U.S.C. § 1983 against the "Elmore County Jail Staffing[,] All Shifts," Warden Jackson, and Officer Piercon. (Doc. # 1 at 1, 2.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Based upon careful consideration, all but one of Plaintiff's claims must be dismissed with prejudice prior to service of process under §§ 1915(e)(2)(B) and 1915A(b).

**I. STANDARD OF REVIEW**

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 7.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from a state and its entity, the complaint

also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal under § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1) "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit).

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

A complaint also must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, *pro se* pleadings are liberally construed and held to "'less stringent standards'" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a

3

*pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## II.  THE COMPLAINT'S ALLEGATIONS

The complaint's allegations, construed favorably to Plaintiff, set forth the following. The events giving rise to the claims occurred at the Elmore County Jail in Wetumpka, Alabama. Plaintiff alleges that on February 7, 2025, at 3:00 p.m., Warden Jackson locked down his pod after smelling cigarette smoke but did not impose disciplinary action against him or the other seven inmates in his pod. (Doc. # 1 at 5.) He claims violations of his constitutional rights while on lockdown, including the denial of a shower and access to ice, "etc." (Doc. # 1 at 3.)

Additionally, on the evening of February 7 and the next day, Plaintiff and his pod-cell mates requested "1983 forms." (Doc. # 1 at 5.) However, Officer Piercon threatened them with "consequences" for making such requests. (Doc. # 1 at 5.)

Plaintiff states that he did not sustain any injuries as a result of these events on February 7 and 8, 2025. (Doc. # 1 at 4.) However, he seeks to hold the "Elmore County Jail" accountable for violating his "rights many times over the years" for which he says he filed two 42 U.S.C. § 1983 lawsuits the previous year concerning the actions of unnamed officers. (Doc. # 1 at 4–5.)

The complaint form's caption and the section for identifying parties list "Elmore County Jail Staffing[,] All Shifts" as the sole Defendant. (Doc. # 1 at 1, 2.)

However, the body of the complaint also includes allegations and potential claims against Warden Jackson and Officer Piercon. (Doc. # 1 at 5.)

### III. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983. To state a claim under § 1983, a plaintiff must plead two essential elements: first, that the alleged conduct was carried out by a person acting under color of state law; and second, that such conduct deprived the plaintiff of rights secured by the United States Constitution or laws of the United States. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

**A.    Elmore County Jail Staffing/All Shifts**

To the extent that Plaintiff has sued the Elmore County Jail, a county jail is a physical facility, not a legal entity or person subject to suit within the meaning of 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity to sue or be sued is determined by the laws of the state where the district court is located. *Id.* Under Alabama law, "[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal

5

entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Such subordinate entities include Alabama county jails. *See Brown v. Russell Co. Jail*, 2022 WL 22862950, at *2 (M.D. Ala. May 17, 2022) ("[An Alabama] county jail is not a proper defendant in a § 1983 proceeding."). Accordingly, all 42 U.S.C. § 1983 claims against the Elmore County Jail are "based on an indisputably meritless legal theory" and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Furthermore, Plaintiff's attempt to sue the Elmore County Jail's "Staffing[,] All Shifts" is an impermissible use of fictitious-party pleading. (*See* Doc. # 1 at 1, 2.) "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). The complaint does not identify or otherwise sufficiently describe who the "Staffing[,] All Shift" members are or what they allegedly did to violate Plaintiff's constitutional rights, thereby failing to meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Fed. R. Civ. P. 8(a)(2). Because Plaintiff relies on the vague, collective label of "Staffing[,] All Shifts," rather than on factual allegations about identifiable actors, the pleading also fails to state a claim

against this purported Defendant. Accordingly, all § 1983 claims against the Elmore County Jail's "Staffing[,] All Shifts" will be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1).

B. <u>**Claims on Behalf of Other Inmates**</u>

It is unclear whether Plaintiff seeks to bring 42 U.S.C. § 1983 claims on behalf of his pod-cell mates arising from the events on February 7 and 8, 2025. (*See* Doc. # 1 at 5.) However, Plaintiff, as a *pro se* litigant, cannot represent the interests of other inmates or litigate on their behalf. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam) (holding that the plaintiff, who was proceeding *pro se*, could not bring an action on behalf of his fellow inmates); *see also Timson v. Samson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (observing that the right to proceed *pro se* in federal court under 28 U.S.C. § 1654 "appears to provide a personal right that does not extend to the representation of the interests of others"). Plaintiff's complaint, therefore, will <u>not</u> be construed to assert claims on behalf of any other inmates.

C. <u>**Warden Jackson**</u>

Plaintiff alleges that on February 7, 2025, at 3:00 p.m., Warden Jackson initiated a lockdown of his pod after detecting cigarette smoke. He suffered no disciplinary action or injury as a result of "this incident." (Doc. # 1 at 4, 5.) Plaintiff

7

avers that his constitutional rights were violated during the lockdown, citing the denial of a shower, access to ice, and other unspecified deprivations ("etc."). (Doc. # 1 at 3.)  The duration of the lockdown is unclear, as it is not specified whether it lasted a few hours on February 7 or extended overnight into February 8.  (Doc. # 1 at 5.)

The Eighth Amendment to the United States Constitution "set[s] limits on the treatment and conditions that states may impose on prisoners."[2]  *Hamm v. DeKalb County*, 774 F.2d 1567, 1571 (11th Cir. 1985).  Challenges to confinement conditions under the Eighth Amendment involve a two-part analysis.  *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  First, the conditions must be objectively "serious" or "extreme," meaning the prisoner must demonstrate that the conditions "pose an unreasonable risk of serious damage to his future health or safety."  *Id.* (cleaned up).  Second, the prisoner must prove that the prison officials acted with "deliberate indifference" to these conditions.  *Id.*

The allegations fail to rise to the level required to satisfy the objective component of an Eighth Amendment claim.  Conditions are objectively serious or extreme if they amount to a deprivation of the "minimal civilized measure of life's

---

[2] The Eighth Amendment's ban against cruel and unusual punishment governs convicted prisoners, while the Fourteenth Amendment's Due Process Clause governs pretrial detainees. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).  However, regardless of whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the events at issue, "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.*

8

necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or "the basic human needs," including "reasonably adequate food, clothing, shelter, and sanitation," *Hamm*, 774 F.2d at 1572. "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 347).

A look at a few cases addressing Eighth Amendment conditions-of-confinement claims is helpful. In *Chandler*, the Eleventh Circuit rejected the inmates' claims that "the combination of harsh summer temperatures, high humidity, and inadequate ventilation . . . created unconstitutional conditions of confinement." 379 F.3d at 1295. Although the summertime conditions in the prison cells were uncomfortable, they did not meet the threshold of "extreme deprivations" required to violate the objective component of the Eighth Amendment. *Id.* at 1298. Likewise, in *Fischer v. Ellegood*, the Eleventh Circuit held that overcrowded cells, sleeping on unwashed bed linens, and being denied daily showers during a five-day lockdown did not amount to an Eighth Amendment violation because the conditions objectively were not "sufficiently 'extreme' as to 'pose an unreasonable risk of serious damage to his future health or safety.'" 238 F. App'x 428, 434 (11th Cir. 2007) (alteration adopted) (quoting *Chandler*, 379 F.3d at 1289). Finally, in *Turner v. Warden, GDCP*, a prisoner's placement in a strip cell without clothing for 10 days and

9

deprivation of food for 24 hours did not rise to the level of "cruel and unusual deprivations" under the Eighth Amendment. 650 F. App'x 695, 701–02 (11th Cir. 2016) (per curiam).

Accepted as true and liberally construed, the complaint's allegations are insufficient to state an Eighth Amendment claim under the objective component because they do not demonstrate conditions that are serious or extreme enough to pose an unreasonable risk of serious damage to Plaintiff's health or safety. *See Chandler*, 379 F.3d at 1289. The denial of a shower, access to ice, and other unspecified deprivations during a one-to-two-day lockdown, without any resulting injury, do not amount to the deprivation of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Because the allegations do not rise to the level to state an Eighth Amendment violation under the objective component, the § 1983 conditions-of-confinement claim against Warden Jackson will be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### D. Officer Piercon

Plaintiff alleges that Officer Piercon threatened him with "consequences" for requesting "1983 forms" on the evening of February 7, 2025, and the following day. (Doc. # 1 at 5.) This claim survives screening, notwithstanding its sparsity.

"[T]he First Amendment prohibits officials from retaliating against prisoners for exercising their right of free speech by filing lawsuits or grievances." *Mpaka v. Jackson Mem'l Hosp.*, 827 F. App'x 1007, 1010 (11th Cir. 2020).  To state a First Amendment retaliation claim, Plaintiff must satisfy three elements:  (1) "his speech was constitutionally protected"; (2) he "suffered adverse action such that [Officer Piercon's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech"; and (3) "there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *accord Williams v. Radford*, 64 F.4th 1185, 1192 (11th Cir. 2023).

First, filing a lawsuit is considered speech protected by the First Amendment. *See Mpaka*, 827 F. App'x at 1010.  Viewed favorably to Plaintiff, the reference to "1983 forms" denotes a complaint form used to file a lawsuit.  Second, the issue is not whether Officer Piercon "carried out the threat, but whether the alleged threat itself was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Pittman v. Tucker*, 213 F. App'x 867, 871 (11th Cir. 2007) (per curiam).  Although the threat involved unspecified "consequences," it is plausible at this early stage that the statement could have a deterrent effect on a person of ordinary firmness.  Under a construction of the allegations viewed in the light most favorably to Plaintiff, Officer Piercon's authority over Plaintiff, an inmate at the county jail,

amplifies the coercive impact of the threat. Third, there is a plausible causal connection, as Officer Piercon made the threat directly in response to Plaintiff's request for a "§ 1983 form." (Doc. # 1 at 5.) These allegations are enough at the screening stage to state a First Amendment retaliation claim. *See Rice v. Berry*, 2024 WL 5456609, at *2 (M.D. Ga. June 10, 2024) (finding that the inmate's allegations that the deputy warden "threatened to have him assaulted if he 'continued to write letters and seek relief'" stated a First Amendment retaliation claim against the deputy for screening purposes under 28 U.S.C. §§ 1915A(a) and 1915(e) (citing *Pittman*, 213 F. App'x at 870–71)). Accordingly, the First Amendment retaliation claim against Officer Piercon will go forward. The claim proceeds against him in his official capacity.³ Therefore, to the extent that Plaintiff seeks injunctive relief in the form of adequate medical care and the receipt of his medications as prescribed, this action can continue against the Sheriff of Lee County.

E. **Claims Filed in Other Lawsuits**

Plaintiff claims to have filed two prior lawsuits for other violations of his rights over the years, and, in this action, he seeks to hold the "Elmore County Jail" liable for these alleged past transgressions. (Doc. # 1 at 4.) However, as previously

---

³ State officials may be sued in their official capacity for prospective injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

discussed, the Elmore County Jail is not a proper Defendant under 42 U.S.C. § 1983. Additionally, Plaintiff cannot hold a defendant in this lawsuit liable by referring to claims asserted in complaints he filed in prior actions.[4]  This lawsuit is confined to claims properly alleged in the current complaint.

## IV.  CONCLUSION

Only Plaintiff's First Amendment retaliation claim against Officer Piercon in his official capacity is proceeding.  Based on the foregoing, it is ORDERED as follows:

(1)   The Clerk of the Court is DIRECTED to amend the electronic case caption to add Warden Jackson and Officer Piercon as Defendants;

(2)   Plaintiff's 42 U.S.C. § 1983 claims against the Elmore County Jail, to the extent that the jail is named as a separate Defendant, are DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1);

(3)   Plaintiff's § 1983 claims against the "Elmore County Jail Staffing[,] All Shifts" are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1);

---

[4] Plaintiff has filed at least four other 42 U.S.C. § 1983 actions in this court.  Two of those actions—*Herring, Jr. v. Goggans*, 2:21-cv-754 (M.D. Ala. Nov. 8, 2021), and *Herring, Jr. v. Goggans*, 2:24-cv-55 (M.D. Ala. Feb. 5, 2024)—were dismissed with prejudice prior to service of process under the screening provisions.  *See* § 1915(e)(2)(B); § 1915A.

(4) Plaintiff's § 1983 claim against Warden Jackson, which challenges his conditions of confinement on February 7 and 8, 2025, at the Elmore County Jail is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and § 1915A(b)(1);

(5) The Clerk of the Court is DIRECTED to terminate Defendants "Elmore County Jail Staffing[,] All Shifts" and Warden Jackson as parties to this action; and

(6) This action proceeds as to the § 1983 First Amendment retaliation claim against Officer Piercon in his official capacity.

It is further ORDERED as follows:

(1) The Clerk of the Court is DIRECTED to send by certified mail a copy of the complaint and this Order to Defendant Officer Piercon at Elmore County Jail, 8955 U.S. Hwy 231, Wetumpka, AL 36092; and

(2) Defendant Officer Piercon shall answer the complaint or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within twenty-one days of receipt of the complaint.

DONE this 15th day of December, 2025.

                                                /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE