IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM HERRING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-148-WKW |
| | ) | [WO] |
| COLBY PEARSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

In February 2025, Plaintiff John William Herring, Jr., a detainee at the Elmore County Jail, initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) The complaint originally named "Elmore County Jail Staff[,] All Shifts," Warden Jackson, and Officer Piercon as Defendants. After Plaintiff's complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), an Order was issued on December 15, 2025 ("December 15 Order"), dismissing all of Plaintiff's claims except for his First Amendment retaliation claim against Officer Piercon. (Doc. # 8 at 13.) The December 15 Order directed that a copy of the Order and the complaint be sent to Officer Piercon at the Elmore County Jail.

Multiple service issues ensued. (*See generally* Docs. # 9, 13–21.) While attempting to serve the Defendant identified as "Officer Piercon," the court was informed that his real name is Colby Pearson. (*See* Docs. # 18, 21.) On April 24,

2026, the certified mail receipt sent to Mr. Pearson was returned to the court with an illegible signature. On April 24, 2026, counsel for Mr. Pearson filed a motion to dismiss. (Doc. # 24.) By Order dated April 27, 2026, Plaintiff was directed to file a response to the motion to dismiss no later than May 18, 2026. (Doc. # 28 ("April 27 Order").) The April 27 Order expressly cautioned Plaintiff "that his failure to file a timely response in compliance with th[e] Order shall, without further notice, result in dismissal for failure to prosecute and comply with an Order of the court." (Doc. # 28.) The May 18 deadline has long passed with no response from Plaintiff. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

2

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the April 27 Order, despite its express directives and warnings, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

It is further ORDERED that Defendant's motion to dismiss (Doc. # 24) is DENIED as moot.

Final judgment will be entered separately.

DONE this 9th day of June, 2026.

                                   /s/ W. Keith Watkins
                           UNITED STATES DISTRICT JUDGE

3